# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 11-CV-578 (JFB)(ETB)
_____

FRANK BRISCO,

Plaintiff

VERSUS

KATHLEEN RICE AND JERRI KREVOFF,

Defendants.
_____

**MEMORANDUM AND ORDER**
January 27, 2012
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Frank Brisco ("plaintiff" or "Brisco") brings this action against defendants Nassau County District Attorney Kathleen Rice ("D.A. Rice"), and Jerri Krevoff, the Chief Court Reporter at County Court in Nassau County ("Krevoff") (collectively, "defendants"), pursuant to 42 U.S.C. § 1983, alleging that Krevoff's and D.A. Rice's failures to provide plaintiff with the plea and sentencing minutes from the 1980s for three of plaintiff's prior criminal convictions, and D.A. Rice's failure to provide plaintiff with a reconstruction hearing, resulted in the plaintiff not being granted parole by the New York State Division of Parole.

Defendant seeks an injunction directing Krevoff to turn over court records and an injunction directing D.A. Rice to conduct a reconstruction hearing.

D.A. Rice and Krevoff separately moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Krevoff and D.A. Rice each argue that plaintiff fails to state a cause of action because the conduct was not attributable to either defendant and because plaintiff fails to allege that he was deprived of a federal right. Krevoff also argues that the plaintiff lacks standing and that the amended complaint is time-barred. D.A. Rice further contends that her actions are shielded by absolute and qualified immunity.

The Court grants defendant Krevoff's motion to dismiss on the grounds that the complaint is time-barred, the alleged wrongful conduct was not attributable to Krevoff, and because plaintiff was not deprived of any federal right. The Court grants defendant D.A. Rice's motion to dismiss on the grounds that plaintiff was not deprived of any federal right.

## I. BACKGROUND

### A. The Complaint

The following facts are taken from the amended complaint ("Compl.") and are not findings of fact by the Court. They are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to the plaintiff, the non-moving party.

On August 10, 2010, plaintiff sent a letter to the Nassau County Courthouse addressed to Jerri Krevoff, the Chief Court Reporter, asking how much it would cost him to purchase copies of his plea and sentencing minutes from the 1980s relating to three informations—Superior Court Information Nos. 55051-82, 71365-89, and 71364-89. (Compl. at 3, Ex. A.[1]) Plaintiff cited "Judiciary Law Section 300 to 302" in making his request.[2] (Compl. at 3, Ex. A.)

On August 18, 2010, Krevoff responded to plaintiff's request by stating that the records were not available. (Compl. at 3, Ex B.) On August 26, 2010, plaintiff "appealed" Krevoff's "denial" to Robert Schwartz, the Deputy Bureau Chief of the Nassau County Courthouse, inquiring as to why the records were not available and asking if a reconstruction hearing would be available. (Compl. at 3, Ex. C.) Schwartz responded on September 14, 2010. (Compl. at 3, Ex. D.) Schwartz treated the appeal letter as a Freedom of Information Law ("FOIL") appeal and stated that his office was not obligated to provide transcripts under the Freedom of Information Act, and that transcripts "are considered court records and not agency records." (Compl. at 3, Ex. D.) As to plaintiff's inquiry about how to obtain a reconstruction hearing, Schwartz explained that "it would be inappropriate for

---

[1] The complaint lacks page numbers, so page references indicate the ECF docketing page number.
[2] The laws read as follows:

New York Judiciary Law § 300:

> The stenographer shall, upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole or any part of his minutes, in any case reported by him, to any party to the action requiring the same.

New York Judiciary Law § 301:

> The original stenographic notes must be written out at length by the stenographer, if a judge of the court so directs, or if the stenographer is required so to do, by a person entitled by law to a copy of the same, so written out. Unless such a direction is given, or such a requisition is made, the stenographer is not bound so to write them out.

New York Judiciary Law § 302:

> 1. Every stenographer in a court of record must, upon request, furnish, with all reasonable diligence, to the defendant in a criminal case, or a party, or his attorney in a civil cause, a copy, written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon the trial or hearing, upon payment, by the person requiring the same, of the fees allowed by law.
> 2. Except as provided in subdivision three of this section, in any civil or criminal case, if the district attorney, the attorney general or the judge presiding at the trial, or any appellate court or judge thereof, requires such a copy, the stenographer is entitled to his fees therefor; but he must furnish it, upon receiving a certificate of the sum to which he is entitled. The amount thereof must be paid by the treasurer of the county or city, as the case may be, where the trial or hearing is held, upon the certificate of the district attorney, attorney general, the judge presiding at the trial or hearing, or the appellate court or judge thereof, from the court fund, or the fund from which jurors are paid, or from any other available fund.
> 3. In any civil case when a transcript may be necessary, if the attorney general requires such a copy, the cost of such copy shall be paid out of funds appropriated to the department of law for that purpose.

2

this office to provide you with legal advice." (Compl. at Ex. D.)

On September 13, 2010, plaintiff sent a letter to D.A. Rice asking her to confirm that the plea and sentencing minutes were lost and inquiring as to whether he could have a reconstruction hearing. (Compl. at 3, Ex. E.) When D.A. Rice did not respond, plaintiff sent a second letter on October 6, 2010 asking her to confirm that the plea and sentencing minutes were lost, and seeking a reconstruction hearing. (Compl. at 4, Ex. F.) Assistant District Attorney ("A.D.A.") Ilisa T. Fleischer responded on October 20, 2010 denying plaintiff's request under FOIL. (Compl. at 4, Ex. G.)

The New York State Division of Parole denied plaintiff parole on March 17, 2011. (Compl. at Ex. H.) The parole denial notes: "Your [plaintiff's] criminal history includes an alarming number of convictions of felony offenses which included burglary and robberies. This is your ninth felony conviction." (Compl. at Ex. H.)

Plaintiff alleges that the loss of these "vital records and the denial to grant me a Reconstruction Hearing" have denied plaintiff "access to the Courts to properly correct the mistake in these convictions that have been used against me by New York State – Division of Parole." (Compl. at 4.)

B. Procedural History

Plaintiff filed his complaint on February 3, 2011. On April 12, 2011, Krevoff and Rice separately requested a pre-motion conference in anticipation of moving to dismiss. On April 15, 2011, the Court waived the pre-motion conference requirement and set a briefing schedule for defendants' motions to dismiss. By motion filed May 4, 2011, plaintiff requested permission to amend his complaint and included an amended complaint. Following submission of the amended complaint, the Court set a revised briefing schedule for defendants' motions to dismiss. Krevoff filed her motion to dismiss on July 8, 2011, and Rice filed her motion to dismiss on July 11, 2011. Plaintiff filed his opposition on August 5, 2011, and Rice filed her reply on August 30, 2011. The Court has fully considered the submissions of the parties.

II. DISCUSSION

A. Standard of Review

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted, it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Although "legal conclusions can provide the framework of a complaint, they must be

3

supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556-57).

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 U.S. Dist. LEXIS 69835, 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom., Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

B. Statute of Limitations

As a threshold matter, the Court agrees with defendant Krevoff that plaintiff's complaint as to Krevoff is time-barred. Plaintiff's limited due process right to obtain copies of the transcripts of his 1982 and 1989 sentencing proceedings is governed by N.Y. C.P.L.R. 5525(a), which states that an appellant must request from the stenographic reporter a transcript of the proceedings "within the time for taking an appeal." N.Y. C.P.L.R. 5525(a). Under N.Y. Crim. Proc. Law § 460.10, a defendant has 30 days from the date of sentencing to appeal the conviction. Thus, plaintiff's time to request transcripts of his 1982 and 1989 sentences expired thirty days after the imposition of each sentence. Because

4

plaintiff alleges that he inquired about the cost of plea and sentencing minutes by letter dated August 10, 2010, it is clear that plaintiff failed to seek the transcripts within 30 days of the dates of sentencing.[3]

Accordingly, plaintiff's complaint as to Krevoff is dismissed as time-barred. In an abundance of caution, however, the Court also grants Krevoff's motion to dismiss on the grounds that the conduct was not attributable to Krevoff and on the grounds that plaintiff was not deprived of any federal rights.

### C. Section 1983

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

#### 1. Jerri Krevoff

##### a. Personal Involvement

Krevoff argues that the challenged conduct is not attributable to her because she had no direct responsibility to provide plaintiff with records of his sentencing minutes from 1982 and 1989. As set forth below, the Court agrees.

Although the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," *Mendelsohn v. Univ. Hosp.*, 178 F. Supp. 2d 323, 327 (E.D.N.Y. 2002) (quoting *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)), district courts in the Second Circuit have held that the "personal involvement requirement does *not* apply to bar actions . . . for injunctive relief against a state official." *Marinaccio v. Boardman*, 1:02-CV-00831 (NPM), 2005 U.S. Dist. LEXIS 42417, at *28 (N.D.N.Y. Apr. 19, 2005) (collecting cases). Nevertheless, a defendant must have "'some connection with the enforcement of the [allegedly unconstitutional] act.'" *Baird v. State Univ. of N.Y.*, 1:08-cv-388 (GLS/RFT), 2010 U.S. Dist. LEXIS 122179, at *22 (N.D.N.Y. Nov. 17, 2010), *rev'd on other grounds*, 2011 U.S. Dist. LEXIS 5182 (N.D.N.Y. Jan. 20, 2011) (quoting *Ex Parte Young*, 209 U.S. 123, 157 (1908)); *see Hall v. Marshall*, 479 F. Supp. 2d 304, 318 (E.D.N.Y. 2007) ("The officer must, however, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct.") (citations omitted). The individual sued must have a "direct connection to, or responsibility for, the alleged illegal action." *Marshall v. Switzer*, 900 F.Supp. 604, 615 (N.D.N.Y. 1995). Furthermore, an "injunction may issue only in circumstances where the state official has the authority to perform the required act." *Loren v. Levy*, 00 Civ. 7687 (DC), 2003 U.S. Dist. LEXIS 4903, at *32 (S.D.N.Y. Mar. 31, 2003) (citation and internal quotation marks omitted).

Krevoff had no obligation to provide plaintiff with the records of his plea and sentencing minutes. New York Judiciary Law § 302 commands the stenographer who took the stenographic notes to furnish those notes to the defendant in a criminal case. *See* N.Y. Jud. Law § 302(1). Plaintiff does not

---

[3] The complaint is not time-barred as to D.A. Rice, however, because plaintiff alleges that Rice failed to provide him with a reconstruction hearing. As discussed *infra* n.4, no statute or case law sets a timeframe in which a reconstruction hearing must be held. However, as discussed *infra*, the complaint does not survive a motion to dismiss because plaintiff has not, and cannot, assert a plausible claim of deprivation of a federal constitutional right in this case.

5

allege that Krevoff took the notes in 1982 and 1989. Thus, Krevoff had no direct connection to the alleged wrong. Moreover, plaintiff does not allege that Krevoff played any role in supervising, overseeing, analyzing, adopting, deciding, weighing in on, or recommending taking the notes in 1982 and 1989, or in subsequently losing those notes. *See Baird*, 2010 U.S. Dist. LEXIS 122179, at *23. Furthermore, plaintiff does not allege that Krevoff even has "the authority to perform the relief sought" – i.e., to locate minutes that are no longer available. *Id.*

Because plaintiff fails to allege that Krevoff had "some connection" to the alleged act, and because plaintiff was not deprived of a federal right, discussed *infra*, plaintiff's claims against Krevoff are dismissed.

    b.   Deprivation of a Federal Right

Additionally, Krevoff argues that plaintiff fails to establish the deprivation of a federal right. Specifically, Krevoff argues that the plaintiff does not allege a violation of (1) his right to access the courts, (2) due process in connection with his parole hearing, or (3) due process under New York statutes. As discussed below, the Court agrees.

    i.   Right to Access the Courts

"A prisoner has a constitutional right of access to the courts for the purpose of presenting his claims, a right that prison officials cannot unreasonably obstruct and that states have affirmative obligations to assure." *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986). In order to comply with prisoners' due process right to access the courts, prisons must, for example, furnish prisoners with "'adequate law libraries or adequate assistance from persons trained in the law.'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).

The Supreme Court has expressly disclaimed that the right of access to the courts means that "the State must enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." *Lewis*, 518 U.S. at 354 (emphasis in original). Here, plaintiff alleges that he was unable to effectively litigate his case that he should be released on parole because defendants could not furnish him with the plea and sentencing minutes from his 1982 and 1989 convictions. Plaintiff also attempts to discover grievances concerning his sentencings in 1982 and 1989, based on his allegation that the minutes from these proceedings will correct a mistake made during the parole hearing. Impeding plaintiff's ability to litigate effectively or to discover grievances does not constitute a denial of the right of access to the courts.

Furthermore, the Supreme Court has not extended the right of access to the courts to parole release hearings. Indeed, "[n]early all of the access-to-courts cases . . . involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions . . . or 'civil rights actions' – i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Lewis*, 518 U.S. at 354 (citations omitted). Plaintiff in this case does not seek to appeal his underlying convictions, but rather seeks the plea and sentencing minutes for use in a parole release hearing. Thus, if there is no federal constitutional right to access the courts for parole release hearings, there is no constitutional obligation for court reporters to maintain transcripts forever for potential use by a defendant in a future parole hearing.

In short, plaintiff's right to access the courts does not extend to Krevoff informing plaintiff about the unavailability of sentencing records from 1982 and 1989 for use in a parole hearing. Accordingly, Krevoff's alleged failure to provide these transcripts from the 1980s does not constitute, as a matter of law, a deprivation of plaintiff's constitutional right of access to courts.

ii. Due Process in Connection with Parole Hearing

Second, Krevoff contends that the plaintiff fails to state a cause of action for abrogation of his due process rights in connection with the parole hearing.

"In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam). New York's parole scheme, however, does not create any entitlement to release. Instead, it "affords the [New York State Division of Parole ("DOP")] discretion to grant or deny parole," and establishes guidelines to assist the DOP in making those discretionary decisions. *Germenis v. N.Y. State Dep't of Corr. Servs.,* 08 Civ. 8968 (GEL), 2009 U.S. Dist. LEXIS 81808, at *9 (S.D.N.Y. Sept. 9, 2009). Because New York's parole provisions "do not establish a scheme whereby parole shall be ordered unless specified conditions are found to exist," *Boothe v. Hammock*, 605 F.2d 661, 664 (2d Cir. 1979), "[t]he New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release." *Barna*, 239 F.3d at 171. Accordingly, New York prisoners do not have a "right to parole, and the full panoply of constitutional protections that would accompany such a right." *Germenis*, 2009 U.S. Dist. LEXIS 81808, at *10.

Nonetheless, the due process clause "extends to provide a 'federally-protected liberty interest in . . . not being denied parole for arbitrary or impermissible reasons.'" *Id.* (quoting *Mathie v. Dennison*, No. 06 Civ. 3184 (GEL), 2007 U.S. Dist. LEXIS 60422, at *15 (S.D.N.Y. Aug. 16, 2007)); *see Standley v. Dennison*, 9:05-CV-1033 (GLS/GHL), 2007 U.S. Dist. LEXIS 61394, at *4 & n.3 (N.D.N.Y. Aug. 21, 2007) ("[Plaintiff's] complaint fails to state a due process claim because he has no liberty interest in parole and no constitutional due process rights in the parole process in New York. Since [plaintiff] does not have a protected liberty interest, to state a claim for relief he must allege that defendants acted 'arbitrarily or capriciously.'") (citations omitted).

In this case, plaintiff's allegation that defendants' actions resulted in the parole board improperly denying him parole because the board did not have the sentencing minutes of plaintiff's prior convictions fails to state a plausible claim that either defendant caused the denial of parole "for arbitrary or impermissible reasons." *Germenis*, 2009 U.S. Dist. LEXIS 81808, at *10 (quotations omitted). Specifically, a "Parole Board's failure, refusal, or inability to consider [plaintiff's] sentencing minutes does not violate constitutional due process rights." *Villalobos v. N.Y. State Div. of Parole*, 09 Civ. 8431 (WHP), 2010 U.S. Dist. LEXIS 91583, at *8 (S.D.N.Y. Aug. 23, 2010); *see Germenis*, 2009 U.S. Dist. LEXIS 81808, at *15-16 ("A failure to properly maintain [plaintiff's] file with each and every document New York law directs be included in the file, and a failure to consider one or more of those required documents at his parole hearings, without more, is insufficient to state a

plausible claim that any defendant acted arbitrarily or capriciously in denying parole."); *see also Quartararo v. Catterson*, 917 F.Supp. 919, 933 (E.D.N.Y. 1996) (allegations that prosecutor denied plaintiff access to his parole file and told plaintiff "that no system exists to notify prospective parolees when information is added or removed from their files" failed to state a cause of action under 42 U.S.C. § 1983 because "no federal rights are implicated by such conduct").

Thus, because there is no due process right that sentencing minutes be considered at a parole hearing, plaintiff's allegation that he was denied due process when he was told that the sentencing minutes were unavailable fails to state a cause of action.

iii. Due Process Under New York Statutes

Plaintiff fails to state a cause of action for failure to comply with the due process rights accorded by N.Y. Crim. Proc. Law § 460.70 and N.Y. C.P.L.R. 5525 because he is not seeking records to pursue a criminal appeal but is instead seeking records for use in a parole hearing.

A defendant appealing a New York state conviction has due process rights relating to the record of his trial, such as the right to a reasonably accurate transcript. *See Maxwell v. Conway*, No. 06-CV-14203 (KMK)(LMS), 2010 U.S. Dist. LEXIS 115290, at *7 (S.D.N.Y. Oct. 28, 2010). Under Crim. Proc. Law § 460.70, "[w]hen an appeal is taken by a defendant pursuant to section 450.10, a transcript shall be prepared and settled and shall be filed with the criminal court by the court reporter." N.Y. Crim. Proc. Law § 460.70(1). If, however, a transcript record is missing or inaccurate, N.Y. C.P.L.R. 5525

permits an appellant who believes that information contained in transcripts is inaccurate or missing to submit proposed amendments to the transcript to the court and serve them upon the respondent, who may then make proposed amendments or objections to the appellant's proposed amendments. If the parties agree on the changes, they must certify their agreement and no formal settlement proceeding is necessary. N.Y. C.P.L.R. § 5525 (c)(1). If the parties cannot agree, the proposed amendments and any objections are then submitted, whenever possible, to the judge who presided over the proceeding in question for settlement. *Id.* The trial court is the "final arbiter of the record." Any significant unresolved questions concerning the transcript's accuracy can be raised on appeal and the appellate court may remand the proceedings back to the trial court to "resettle the transcript."

*Shire v. Costello*, Civ. No. 9:07-CV-285 (TJM), 2008 U.S. Dist. LEXIS 43300, at *20 (N.D.N.Y. June 2, 2008) (internal citations omitted).

In this case, plaintiff seeks the records for use in a parole hearing, not in a criminal appeal. Neither statute requires the provision of records for use in a parole hearing. Moreover, plaintiff does not allege that he attempted to use the provisions set forth in N.Y. C.P.L.R. 5525. *See Yevstifeev v. Steve*, 730 F. Supp. 2d 308, 310-11 (W.D.N.Y. 2010). Thus, plaintiff is foreclosed from asserting a due process violation under New York statutes governing the provision and reconstruction of sentencing minutes from plaintiff's 1982 and 1989 sentencing proceedings. For these reasons, he fails to state a cause of action for failure to comply

with the due process rights accorded by New York statutes.

## 2. D.A. Kathleen Rice

Construing the language of the complaint liberally, plaintiff alleges that defendant D.A. Rice, or her subordinates, failed to provide him with the plea and sentencing minutes, and denied him a reconstruction hearing.[4]

D.A. Rice contends that plaintiff has not been deprived of a federal right. The Court agrees. For the same reasons discussed, *supra*, with respect to defendant Krevoff, plaintiff has not been deprived of a federal right with respect to the unavailability of his plea and sentencing minutes for use in a parole hearing. Nor has plaintiff been denied any federal rights with respect to Rice's alleged failure to provide him with a reconstruction hearing.

Under New York law, "a defendant who has pleaded guilty is entitled to a reconstruction hearing only where he can identify a ground for appeal that is based on something that occurred during the untranscribed proceeding." *Parris*, 4 N.Y.3d at 44. Here, plaintiff does not seek to appeal the proceedings for which the transcripts have been lost, nor has he identified any ground for appeal based on something that occurred during the proceedings. Instead, plaintiff alleges that a reconstruction hearing will correct a mistake by the parole board. Plaintiff has not even alleged any basis for why a reconstruction hearing of those

---

[4] A reconstruction hearing is a hearing at which events such as a trial, plea, or sentencing are recreated, "as far as possible, from the memories of the participants and any surviving records." *People v. Parris*, 4 N.Y.3d 41, 44 (N.Y. 2004). "Reconstruction hearings may be appropriate where it is clear that a proceeding took place that was not transcribed (*see e.g. People v. Michalek*, 82 N.Y.2d 906 [1994] [reconstruction hearing ordered where *Sandoval* hearing held but not transcribed]); the trial court refused to record the proceedings (*see e.g. People v. Davidson*, 89 N.Y.2d 881 [1996] [trial court refused to record substantial portions of voir dire proceeding]); the minutes have been lost; or there is significant ambiguity in the record." *People v. Velasquez*, 1 N.Y.3d 44, 49 (N.Y. 2003).

The New York Court of Appeals first proposed the concept of a reconstruction hearing in *People v. Rivera*, 39 N.Y.2d 519 (N.Y. 1976). In that case, the defendant sought to appeal his conviction, but the trial transcript and sentencing minutes had been lost. *Id.* at 522. The Court of Appeals suggested that it might "be possible, for the purpose of appeal, to adequately reconstruct the proceedings at trial and at sentencing by a narrative bill of exceptions based on agreement on the underlying facts and legal issues by counsel, or by counsel and the court, or by resort to other available sources." *Id.* at 523. The Court explained further that "a hearing to determine, among other things, the availability of means other than a transcript for the presentation of the appealable and reviewable issues, may be desirable." *Id.* In *Rivera*, the court ordered a new trial because such a reconstruction hearing was not possible; the defendant had retrograde amnesia, defense counsel had been disbarred and could not be located, the prosecutor had suffered a paralytic stroke, and the judge who presided at the trial was deceased. *Id.* at 522, 524.

After *Rivera*, the Court of Appeals made observations about the availability of a reconstruction hearing in *People v. Glass*, 43 N.Y.2d 283, 286 (N.Y. 1977) and in *Velasquez*, 1 N.Y. 3d at 49, and in other cases relied on the result of a reconstruction hearing (*People v. Mealer*, 57 N.Y.2d 214, 219 (N.Y. 1982)) and ordered that one take place (*People v. Michalek*, 82 N.Y.2d 906, 907 (N.Y. 1994)). *See Parris*, 4 N.Y.3d at 48. The Court of Appeals, having "never stated a rule, however, for deciding when a reconstruction hearing is required," set forth such a rule in *Parris*, 4 N.Y.3d at 48. In *Parris*, the Court held that "where a significant portion of the minutes has been lost: (1) a reconstruction hearing should normally be available for a defendant appealing his conviction after trial, if the defendant has acted with reasonable diligence to mitigate the harm done by the mishap; but (2) a defendant who has pleaded guilty is entitled to a reconstruction hearing only where he can identify a ground for appeal that is based on something that occurred during the untranscribed proceeding." *Id.* at 44.

proceedings may have resulted in a different decision by the parole board. Because the plaintiff seeks a reconstruction hearing for a purpose other than appealing the underlying conviction, plaintiff has no due process right to a reconstruction hearing.

For these reasons, plaintiff has not been deprived of any federal right and therefore fails to state a cause of action.[5]

## III. CONCLUSION

For the reasons set forth above, the defendants' motions to dismiss are granted. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

Judge Joseph F. Bianco
United States District Judge

Date:   January 27, 2012
    Central Islip, NY

\* \* \*

The plaintiff proceeds *pro se*, Fishkill Correctional Facility, P.O. Box 1245, Beacon, N.Y. 12508. D.A. Kathleen Rice is represented by Liora M. Ben-Sorek, Nassau County Attorney's Office, One West Street, Mineola, N.Y. 11501. Jerri Krevoff is represented by Anne C. Leahey, New York State Attorney General's Office, 300 Motor Parkway, Suite 305, Hauppauge, N.Y. 11788.

---

[5] D.A. Rice argues, additionally, that plaintiff fails to state a claim against her because she did not have personal involvement in the alleged deprivations, and even if she did, she is protected by absolute and qualified immunity. Because the Court holds that plaintiff was not deprived of a federal right, the Court does not reach the question of whether the complaint should be dismissed on the grounds of lack of personal involvement by D.A. Rice.

As to Rice's argument that she is protected by absolute and qualified immunity, the Court holds that she is not. "[N]either absolute nor qualified immunity is a defense to a claim for injunctive relief." *Hall v. Marshall*, 479 F. Supp. 2d 304, 318 (E.D.N.Y. 2007); *see Shmueli v. City of New York*, 424 F.3d 231, 239 (2d Cir. 2005) ("'An official's entitlement to absolute immunity from a claim for damages,' however, 'does not bar the granting of injunctive relief,' *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987); *see, e.g.*, *Pulliam v. Allen*, 466 U.S. 522, 536-37 (1984), *Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998); *Heimbach v. Village of Lyons*, 597 F.2d 344, 347 (2d Cir. 1979), or of other equitable relief."); *Adler v. Pataki*, 185 F.3d 35, 48 (2d Cir. 1999) ("Qualified immunity shields the defendants only from claims for monetary damages and does not bar actions for declaratory or injunctive relief."). Plaintiff seeks only injunctive relief, in the form of a reconstruction hearing or the provision of the lost plea and sentencing minutes. Accordingly, D.A. Rice is not protected by absolute or qualified immunity. As discussed *supra*, however, plaintiff's claim is dismissed on other grounds – specifically, because plaintiff was not deprived of any federal right.